I3UsMANp

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

              v.                        16 CR 436 (KMW)

STUART MANASHIL,

              Defendant.

------------------------------x
```

New York, N.Y.
March 30, 2018
10:30 a.m.

Before:

                 HON. BARBARA C. MOSES,

                                U.S. Magistrate Judge

APPEARANCES

GEOFFREY S. BERMAN
    Interim United States Attorney for the
    Southern District of New York
NOAH SOLOWIEJCZYK
    Assistant United States Attorney

RICHARD H. ROSENBERG
    Attorney for Defendant
BY:

I3UsMANp

1          (Case called)

2          MR. SOLOWIEJCZYK:  Good morning, your Honor.  Noah

3     Solowiejczyk on behalf of the government.

4          MR. ROSENBERG:  Good morning, your Honor.  Richard

5     Rosenberg on behalf of Stuart Manashil, seated alongside me.

6          THE COURT:  Good morning.  Good morning, Mr. Manashil.

7     I am Magistrate Judge Moses.

8          It is my understanding that this is the defendant's

9     initial presentment, is that correct?

10          MR. SOLOWIEJCZYK:  That is correct, your Honor.

11          THE COURT:  He will be presented on an information,

12     meaning that we are going to need to waive indictment?

13          MR. SOLOWIEJCZYK:  That's correct.

14          THE COURT:  And arraign as well, correct?

15          MR. SOLOWIEJCZYK:  Correct, your Honor.

16          THE COURT:  After which the defendant intends to plead

17     to the information?

18          MR. SOLOWIEJCZYK:  That is correct, your Honor.

19          THE COURT:  Is that correct, Mr. Rosenberg?

20          MR. ROSENBERG:  Correct?

21          MR. SOLOWIEJCZYK:  Judge Wood has referred this

22     proceeding to magistrate court.

23          THE COURT:  For everything including arraignment?

24          MR. SOLOWIEJCZYK:  Correct.

25          THE COURT:  All right.  For the record, Mr. Manashil,

I3UsMANp

1    you speak and understand English, correct?

2              THE DEFENDANT:  Yes.

3              THE COURT:  We are going to begin by taking the waiver

4    of indictment so that you can be presented and arraigned on the

5    information.

6              Mr. Snell.

7              THE DEPUTY CLERK:  You are Stuart Manashil?

8              THE DEFENDANT:  Yes.

9              THE DEPUTY CLERK:  Have you signed this waiver of

10   indictment?

11             THE DEFENDANT:  Yes.

12             THE DEPUTY CLERK:  Before you signed it, did you

13   discuss it with your attorney?

14             THE DEFENDANT:  I did, yes.

15             THE DEPUTY CLERK:  Did your attorney explain it to

16   you?

17             THE DEFENDANT:  Yes, he did.

18             THE DEPUTY CLERK:  Do you understand what you're

19   doing?

20             THE DEFENDANT:  Yes, I do.

21             THE DEPUTY CLERK:  Do you understand that you're under

22   no obligation to waive indictment?

23             THE DEFENDANT:  Yes, I do.

24             THE DEPUTY CLERK:  Do you understand that if you do

25   not waive indictment, if the government wants to prosecute you,

I3UsMANp

1    they would have to present this case to a grand jury, which may

2    or may not indict you?

3              THE DEFENDANT:  Yes, I do.

4              THE DEPUTY CLERK:  Do you understand that by signing

5    this waiver of indictment, you have given up your right to have

6    this case presented to a grand jury?

7              THE DEFENDANT:  Yes, I do.

8              THE DEPUTY CLERK:  Do you understand what a grand jury

9    is?

10             THE DEFENDANT:  I do, yes.

11             THE DEPUTY CLERK:  Have you seen a copy of the

12   information?

13             THE DEFENDANT:  Yes.

14             THE DEPUTY CLERK:  Do you waive its public reading?

15             THE DEFENDANT:  Yes.

16             THE DEPUTY CLERK:  OK.

17             THE COURT:  Thank you very much, Mr. Snell.

18             Mr. Manashil, I am going to advise you of certain

19   rights that you have.  I am going to make sure you understand

20   the charges against you.  I will consider whether counsel

21   should be appointed for you, and we will decide under what

22   conditions, if any, you shall be released.

23             I am going to begin with some of your constitutional

24   rights.  You have the right to remain silent.  You are not

25   required to make any statements.  Even if you have already made

statements to the authorities, you do not need to make any

further statements.  Any statements that you do make can be

used against you.

        You have the right to be released, either

conditionally or unconditionally, pending trial, unless I find

that there are no conditions that would reasonably assure your

presence at future court appearances and the safety of the

community.

        If you are a foreign national -- which I do not

believe to be the case, but I am required to advise everybody

of this -- if you are a foreign national, you have the right to

request that a consular officer from your country of origin be

notified of your arrest.

        Which reminds me, was the defendant arrested or did he

surrender?

        MR. SOLOWIEJCZYK:  He surrendered, your Honor.

        THE COURT:  At what time, please?

        MR. SOLOWIEJCZYK:  At approximately 7:30 this morning,

your Honor.

        THE COURT:  Thank you.

        In some cases, a treaty or other agreement may require

the U.S. Government to give that notice whether you request it

or not.

        You have the right to be represented by an attorney

during all court proceedings, including this one, and during

1   any questioning by the authorities.  If you cannot afford an

2   attorney, I will appoint one today to represent you.

3           Mr. Rosenberg, my file says that you are a CJA

4   attorney, is that correct?

5           MR. ROSENBERG:  I am retained in this matter, your

6   Honor.

7           THE COURT:  OK.  So there is no application at this

8   time for appointment of counsel, correct?

9           MR. ROSENBERG:  Correct.  Yes, your Honor, there is no

10  application.

11          THE COURT:  Turning to the information in this case.

12  Count One of the information charges you with conspiring to

13  commit wire fraud from at least 2011 through in or about 2014,

14  in violation of Title 18 of the United States Code, Section

15  1349.  Your attorney has already waived public reading of the

16  indictment, but let me just make sure that you and your

17  attorney have had an opportunity to discuss it.

18          Mr. Rosenberg?

19          MR. ROSENBERG:  Yes, your Honor.  I have discussed the

20  charge contained in the information with Mr. Manashil and we

21  waive the public reading.

22          THE COURT:  All right.  Counsel, would you like to

23  enter an initial plea on your client's behalf?

24          MR. ROSENBERG:  Initially, my client would plead not

25  guilty, your Honor, subject to my application.

I3UsMANp

1          THE COURT:  All right.  A plea of not guilty will be

2    entered at this time, and the record should reflect that the

3    defendant is now arraigned.

4          Do I have a consent form?

5          THE DEPUTY CLERK:  Yes.

6          THE COURT:  Our next document, Mr. Manashil, is

7    entitled Consent to Proceed Before a United States Magistrate

8    Judge on a Felony Plea Allocution.  I have been handed the form

9    by my courtroom deputy.  It appears to bear your signature down

10   at the bottom.

11         Did you sign this form today?

12         THE DEFENDANT:  Yes.

13         THE COURT:  What this form says is that you know you

14   have the right to have your plea taken by a United States

15   District Judge, but you are agreeing to have the plea taken by

16   a United States Magistrate Judge, which is what I am.  As

17   magistrate judge, I have the authority to take your plea with

18   your consent.  You have all of the same rights and protections

19   as if you were before a district judge, and if you are found

20   guilty, you will be sentenced by a district judge.

21         Did you sign the consent form voluntarily?

22         THE DEFENDANT:  Yes.

23         THE COURT:  Before you signed it, did your lawyer

24   explain it to you?

25         THE DEFENDANT:  Yes.

I3UsMANp

1          THE COURT:  Do you wish to proceed with your plea

2    before me today?

3          THE DEFENDANT:  Yes.

4          THE COURT:  I will accept your consent.

5          Is it your intention, sir, to change your plea at this

6    point and to enter a plea of guilty as to Count One of the

7    information?

8          THE DEFENDANT:  Yes.

9          THE COURT:  Before deciding whether I can accept a

10   guilty plea from you, I need to ask you a series of questions.

11   It is important that you answer the questions honestly and

12   completely.  The purpose of the proceeding is to make sure that

13   you understand your rights, to decide whether you're pleading

14   guilty of your own free will, and to make sure that you're

15   pleading guilty because you are guilty and not for any other

16   reason.

17         If you don't understand any of my questions or if you

18   wish a moment to consult with your attorney, let me know.  It

19   is important that you understand each question before you

20   answer it.

21         Are you ready?

22         THE DEFENDANT:  Yes.

23         THE COURT:  I will ask the courtroom deputy to swear

24   in the defendant.

25         (Defendant sworn)

1              Sir, you are now under oath, which means that you

2    could be prosecuted for perjury if you make any intentionally

3    false responses.

4              What is your full name?

5              THE DEFENDANT:  Stuart Barry Manashil.

6              THE COURT:  How old are you?

7              THE DEFENDANT:  43.

8              THE COURT:  Are you a citizen of the United States?

9              THE DEFENDANT:  Yes.

10             THE COURT:  How far did you go in school?

11             THE DEFENDANT:  Postgraduate.

12             THE COURT:  What is your final degree?

13             THE DEFENDANT:  Master's.

14             THE COURT:  When did you get your master's degree?

15             THE DEFENDANT:  1999.

16             THE COURT:  What was that in?

17             THE DEFENDANT:  That was in comparative literature.

18             THE COURT:  Are you now or have you recently been

19   under the care of a doctor, a psychiatrist, or a psychologist?

20             THE DEFENDANT:  Just a psychologist recently.

21             THE COURT:  OK.  Do you have any condition that

22   affects your ability to see or to hear?

23             THE DEFENDANT:  No.

24             THE COURT:  Do you have any condition that affects

25   your ability to think or to understand or to make judgments or

I3UsMANp

1    decisions on your own behalf?

2              THE DEFENDANT:  No.

3              THE COURT:  In the last 24 hours, have you taken any

4    drugs, medicine or pills, whether or not prescribed by a

5    doctor, that affect your mental processes?

6              THE DEFENDANT:  No.

7              THE COURT:  In the last 24 hours, have you consumed

8    any alcohol?

9              THE DEFENDANT:  No.

10             THE COURT:  Is your mind clear today?

11             THE DEFENDANT:  Yes.

12             THE COURT:  Do you understand what we're doing in this

13   proceeding?

14             THE DEFENDANT:  I do.

15             THE COURT:  Does either counsel have any objection to

16   the defendant's competence to plead?

17             MR. SOLOWIEJCZYK:  No, your Honor.

18             MR. ROSENBERG:  No, your Honor.

19             THE COURT:  Back to the information again.

20             I now need to ask you a few followup questions about

21   it.  I summarized the charges in the information to you.  Have

22   you read it?

23             THE DEFENDANT:  Yes.

24             THE COURT:  Do you want me to read it to you?

25             THE DEFENDANT:  No.

1          THE COURT:  Do you understand what it says you did?

2          THE DEFENDANT:  Yes.

3          THE COURT:  Have you had enough time to talk with your

4    attorney about the charges and about how you wish to plead?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Has your attorney explained the

7    consequences of pleading guilty?

8          THE DEFENDANT:  Yes.

9          THE COURT:  I am now going to explain certain

10   constitutional rights which you have, but that you will be

11   giving up if you enter a guilty plea.

12         Please listen carefully and, again, if you don't

13   understand something, stop me, and either your attorney or

14   I will explain the issue for fully.

15         Under the Constitution and laws of the United States,

16   you have the right to plead not guilty to all of the charges

17   contained in the information.

18         Do you understand that?

19         THE DEFENDANT:  I do.

20         THE COURT:  If you plead not guilty, you'll be

21   entitled under our Constitution to a speedy and public trial by

22   a jury of those charges.  At trial you would be presumed

23   innocent.  The government would be required to prove you guilty

24   beyond a reasonable doubt, and you could not be convicted

25   unless a jury of 12 people agreed unanimously that you are

1  guilty beyond a reasonable doubt.

2          Do you understand that?

3          THE DEFENDANT:  I do.

4          THE COURT:  If you went to trial, at that trial and at

5  every stage of the case, you would have the right to be

6  represented by an attorney.  If you could not afford one, an

7  attorney would be appointed to represent you at government

8  expense.  You currently have retained counsel, but even if you

9  were to run out of money, an attorney would be appointed at

10  that point at government expense to continue to represent you.

11  You would be entitled to an attorney all the way through trial,

12  not just for a guilty plea.  So your decision to plead guilty

13  should not depend on whether you can afford to hire or retain

14  an attorney.

15          Do you understand that?

16          THE DEFENDANT:  I do.

17          THE COURT:  During trial the witnesses for the

18  prosecution would have to come to court and testify in your

19  presence where you could see them and hear them and your lawyer

20  could cross-examine them.  Your lawyer could also offer

21  evidence on your behalf.  He would be able to use the court's

22  power, known as subpoena power, to compel witnesses to come to

23  court to testify, even if they didn't wish to come.

24          Do you understand that?

25          THE DEFENDANT:  I do.

1          THE COURT:  At trial you would have the right to

2    testify in your own defense if you wanted to.  You would also

3    have the right not to testify.  If you chose not to testify,

4    that could not be used against you in any way.  No inference or

5    suggestion of guilt would be permitted from the fact that you

6    did not testify.

7          Do you understand that?

8          THE DEFENDANT:  I do.

9          THE COURT:  If you were convicted at trial, you would

10   have the right to appeal that verdict to a higher court.

11         Do you understand that?

12         THE DEFENDANT:  Yes.

13         THE COURT:  As I said before, you have the right to

14   plead not guilty.  Even right now, I know you came to court

15   today for the purpose of entering a guilty plea, but you do

16   have the right to change your mind and persist in your not

17   guilty plea and to go to trial.  But if you do plead guilty and

18   if the court accepts your plea, you will give up the right to a

19   trial and all the other rights that go with it that I just

20   described.  If you plead guilty, there will be no trial.  All

21   that will remain to be done would be to impose a sentence.

22   Your lawyer and the government lawyers will have a chance to

23   make certain arguments about what that sentence should be, but

24   there will not be any further trial to determine whether you

25   are guilty or not guilty of the charges to which you plead

I3UsMANp

1    guilty.

2              Do you understand that?

3              THE DEFENDANT:  Yes.

4              THE COURT:  Do you also understand that the decision

5    as to the appropriate sentence in your case will be entirely up

6    to the sentencing judge?

7              THE DEFENDANT:  I do.

8              THE COURT:  Not me, not the prosecutor, not your

9    lawyer.  The sentencing judge will be limited only by what the

10   law requires.  That means that even if you are surprised or

11   disappointed by your sentence, you will still be bound by your

12   guilty plea.

13             Do you understand that?

14             THE DEFENDANT:  Yes.

15             THE COURT:  Finally, if you do plead guilty, you will

16   be giving up the right not to incriminate yourself.  I will ask

17   you questions about what you did and you'll have to answer

18   those questions honestly.  That is so that the court can be

19   satisfied that you are actually guilty.  By pleading guilty,

20   you would be admitting to what lawyers call your factual guilt

21   as well as your legal guilt.

22             Do you understand that?

23             THE DEFENDANT:  Yes.

24             THE COURT:  As I mentioned previously, you are charged

25   in Count One of the information with conspiring to commit wire

1    fraud in violation of 18 U.S.C., Section 1349.  I am going to

2    ask the assistant United States attorney to state the elements

3    of that charge.  The elements are the things that the

4    government would have to prove if the case went to trial.

5                MR. SOLOWIEJCZYK:  Yes, your Honor.

6                The crime of wire fraud conspiracy has two elements.

7    Existence of the conspiracy is the first element.  The second

8    element is that the defendant willfully and knowingly joined

9    the conspiracy with intent to further that conspiracy.

10               Because the object of the conspiracy here is in

11   violation of Title 18, United States Code, Section 1343, wire

12   fraud, that crime has the following three elements, your Honor:

13   First, that there is a scheme or artifice to defraud or to

14   obtain money or property by materially false and fraudulent

15   pretenses, representations, or promises; second, that the

16   defendant knowingly and willfully participated in the scheme or

17   artifice to defraud with knowledge of its fraudulent nature and

18   with specific intent to defraud; and third, that in the

19   execution of the scheme, the defendant used or caused the use

20   of interstate or international wires.

21               The government would also have to prove by a

22   preponderance of the evidence venue in the Southern District of

23   New York.

24               THE COURT:  Thank you very much.

25               What I am going to do now is, I am going to tell you

the maximum possible penalty for the crime charged in Count One
of the information.  The maximum means the most that could
possibly be imposed.  It does not mean that this is what you
will necessarily receive, but by pleading guilty, you are
exposing yourself to the possibility of receiving any
combination of punishments up to the maximum that I am about to
describe.

       Do you understand that?

       THE DEFENDANT:  Yes.

       THE COURT:  The maximum term of imprisonment for the
crime charged in Count One is 20 years, 20 years in prison,
which could be followed by up to three years of supervised
release.  If your sentence includes supervised release, you
will be subject to supervision by the probation department,
after your release, of course.  If you violate any condition of
that supervised release, the court can revoke the term of
supervised release previously imposed and return you to prison
without giving you any credit for time previously served on
post-release supervision.

       Count One also carries a financial penalty.  The
maximum allowable fine for Count One is $250,000 or twice the
profits of the criminal activity or twice what someone other
than yourself lost because of the criminal activity, whichever
is greater.  You will also be required to pay restitution to
any victims of the crime in an amount that the court decides is

1    required to compensate them for their injuries.

2              And in addition, by pleading guilty, you will admit to

3    the forfeiture allegations in the information, and you will

4    agree to forfeit any property within the scope of 18 U.S.C.

5    Section 981(a)(1)(C) and 28 U.S.c. section 2461(c).

6              I am also required by law to tell you that there is an

7    additional special assessment, a fine, of $100, which is

8    required to be imposed on each count of conviction.

9              Now, you told me a few minutes ago that you're a

10   U.S. citizen.  The reason I asked that question is because, if

11   you were not a U.S. citizen, your guilty plea would very likely

12   have adverse consequences on your ability to remain in or

13   return to the United States, including removal, deportation,

14   denial of citizenship, and denial of admission to the U.S. in

15   the future.  Your removal or deportation would likely be

16   mandatory, and if that did happen, you would still be bound by

17   your guilty plea and would not be able to withdraw it

18   regardless of those immigration consequences and regardless of

19   any advice on immigration matters that you received from your

20   counsel or from others.

21              Do you understand that?

22              THE DEFENDANT:  Yes.

23              THE COURT:  Has anyone threatened or coerced you in

24   any way to get you to plead guilty?

25              THE DEFENDANT:  No.

I3UsMANp

1          THE COURT:  I understand there is a written agreement

2     between you and the government.  It is being handed to me.  It

3     is dated March 27, 2018.  It is addressed to your attorney and

4     it appears to bear your signature on the last page, which I am

5     holding up.

6          Did you sign this plea agreement?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Did you read it before you signed it?

9          THE DEFENDANT:  I did.

10         THE COURT:  Did you discuss it with your attorney?

11         THE DEFENDANT:  Yes.

12         THE COURT:  Do you understand what it says?

13         THE DEFENDANT:  Yes.

14         THE COURT:  Has anyone promised you anything or

15    offered you anything, other than what is in your written plea

16    agreement, to get you to plead guilty?

17         THE DEFENDANT:  No.

18         THE COURT:  I note that your plea agreement refers to

19    the possibility that the government may advise the sentencing

20    judge by letter that you have given the government substantial

21    cooperation.  That could lead to a reduction in your potential

22    prison sentence.

23         Do you understand that the agreement does not require

24    the government to do this?

25         THE DEFENDANT:  Yes.

1          THE COURT:  Do you understand that the government may

2   choose not to submit such a letter based on its own assessment

3   of your compliance with the plea agreement and the extent of

4   your cooperation?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Do you understand that under the terms of

7   your plea agreement, even if you later learn that the

8   government withheld from your counsel certain information that

9   would have been helpful in defending yourself at trial, you

10  will not be able to complain about that or withdraw your guilty

11  plea on that basis?

12         THE DEFENDANT:  Yes.

13         THE COURT:  Do you understand that the terms of the

14  plea agreement, including any recommendations that may be made

15  by the government at sentencing, are not binding on the

16  sentencing judge?

17         THE DEFENDANT:  Yes.

18         THE COURT:  The sentencing judge may reject those

19  recommendations and could impose a more severe sentence than

20  you expect without permitting you to withdraw your plea of

21  guilty.  A sentencing judge is required to make his or her own

22  independent calculation of the appropriate sentencing range for

23  you under our sentencing guidelines and will also have the

24  discretion to give you a sentence above or below that range up

25  to the maximum that I told you about earlier.

1          In addition to the guidelines and possible departures

2   from the guidelines, the sentencing judge will also consider

3   the factors set forth at 18 U.S.C. Section 3553(a).  In other

4   words, the sentencing judge will pronounce whatever sentence he

5   or she believes is the appropriate sentence for you, even if it

6   is different from the one recommended by the government or that

7   you expect.

8          Do you understand that?

9          THE DEFENDANT:  Yes.

10         THE COURT:  In addition, the court will consider a

11  presentence report.  It will be prepared by the probation

12  department before you're sentenced.  You and the government

13  will have an opportunity to review it and to challenge the

14  facts reported by the probation officer.

15         Do you understand that there is no parole in the

16  federal system?

17         THE DEFENDANT:  Yes.

18         THE COURT:  If you're sentenced to prison, you will

19  not be released on parole.

20         Let me ask at this time if there are any other

21  provisions in the written plea agreement that you would like me

22  to review with the defendant?

23         MR. SOLOWIEJCZYK:  No, your Honor.

24         MR. ROSENBERG:  Nothing from us, your Honor.

25         THE COURT:  Very well.

1          One more time, sir, because it is an important

2     question.  Aside from what is in the written plea agreement

3     itself, have any promises been made to you to influence you to

4     plead guilty?

5          THE DEFENDANT:  No.

6          THE COURT:  Have any promises been made concerning the

7     actual sentence that you will receive?

8          THE DEFENDANT:  No.

9          MR. SOLOWIEJCZYK:  Your Honor, we would just also ask

10    that the court inquire if the defendant is satisfied with his

11    counsel's representation before taking the plea?

12         THE COURT:  I am happy to ask the question for

13    curiosity sake, but this counsel is retained, so it is a little

14    extra.  But I will ask the question.

15         Mr. Manashil, are you satisfied thus far with your

16    counsel's representation of you?

17         THE DEFENDANT:  Yes.

18         THE COURT:  Thank you very much.

19         Anything else from the government?

20         MR. SOLOWIEJCZYK:  No, your Honor.

21         THE COURT:  All right.  Mr. Manashil, you have been

22    advised of the charges against you, the possible penalties you

23    face, and the rights that you are giving up.  Is it still your

24    intention to plead guilty to Count One of the information?

25         THE DEFENDANT:  Yes.

1        THE COURT:  Is your plea voluntarily and made of your

2   own free will?

3        THE DEFENDANT:  Yes.

4        THE COURT:  With respect to Count One, sir, how do you

5   plead; guilty or not guilty?

6        THE DEFENDANT:  Guilty.

7        THE COURT:  Please tell me in your own words what you

8   did that makes you guilty of that crime.

9        MR. ROSENBERG:  With the court's permission,

10  Mr. Manashil and I prepared a statement of his guilt.  He would

11  like to read that.

12       THE COURT:  That's fine.

13       THE DEFENDANT:  Yes, your Honor.

14       During the time period stated in the information, I

15  agreed with others in California to knowingly divert funds to

16  them that were rightfully due to my employer.  In furtherance

17  of this activity, fraudulent representations and documents were

18  utilized, as well as e-mails among myself and other

19  participants.

20       THE COURT:  At the time you did those acts, did you

21  know them to be unlawful?

22       THE DEFENDANT:  Yes.

23       THE COURT:  Did any part of your conduct take place in

24  New York City?

25       MR. SOLOWIEJCZYK:  Your Honor, the government is going

I3UsMANp

 1   to proffer on venue, with your Honor's permission.

 2            THE COURT:  The venue element will be met not by the

 3   defendant's own conduct, is that correct?

 4            MR. SOLOWIEJCZYK:  Correct.

 5            THE COURT:  All right.  I will not ask Mr. Manashil

 6   any further questions as to venue.

 7            Now, Mr. Manashil, as your attorney indicated, you

 8   were reading from a prepared statement, correct?

 9            THE DEFENDANT:  Yes.

10            THE COURT:  Do you adopt those words as your own?

11            THE DEFENDANT:  I do.

12            THE COURT:  Is everything you just told me true?

13            THE DEFENDANT:  Yes.

14            THE COURT:  All right.  Let me ask the government, do

15   you believe that that is a sufficient factual predicate for the

16   guilty plea?

17            THE DEFENDANT:  Yes, your Honor.

18            THE COURT:  Are there any additional questions you

19   would like me to ask the defendant?

20            THE DEFENDANT:  No, your Honor.

21            THE COURT:  Does the government represent that it has

22   sufficient evidence to establish guilt beyond a reasonable

23   doubt at trial, and in venue in the Southern District of New

24   York, and would you like to make a proffer?

25            MR. SOLOWIEJCZYK:  Yes, your Honor.

1          We do represent that.  And the proffer on venue is

2     that other coconspirators withdrew proceeds from the wire fraud

3     conspiracy that is charged in the information within the

4     Southern District of New York.  So there were withdrawals of

5     proceeds from the fraud that occurred here in Southern

6     District.

7          THE COURT:  Very well.

8          Do you wish to make a proffer on the offense itself?

9          MR. SOLOWIEJCZYK:  No, your Honor.

10         THE COURT:  Very well.

11         Mr. Manashil, on the basis of your responses to my

12    questions and my observations of your demeanor, I find you're

13    competent to enter a guilty plea.  I am satisfied that you

14    understand your rights, including your right to have your case

15    considered by a grand jury and your right to go to trial.  I

16    believe you're aware of the consequences of your plea,

17    including the sentence that may be imposed, that you are

18    voluntarily pleading guilty, and that you have admitted that

19    you are guilty as charged in Count One of the information.  For

20    these reasons, I will recommend that the district judge accept

21    your plea.

22         Now, let me ask the government, since the defendant

23    has surrendered for the first time this morning and has just

24    been presented, has the government and defense counsel

25    considered conditions of release?

1           MR. SOLOWIEJCZYK:  Yes, your Honor.

2           The parties have a joint proposal for your Honor's

3    consideration.  It would consist of --

4           THE COURT:  Hold on one minute before you give me the

5    joint proposal.

6           Now you can give me the joint proposal.

7           MR. SOLOWIEJCZYK:  It would consist of a $25,000 bond

8    secured by $5,000 in cash, pretrial services as directed.  I

9    would just note that because the defendant lives in California,

10   it would likely make sense that he be supervised in California,

11   given that is where he resides.

12          THE COURT:  Is that the Central District of

13   California?  Los Angeles, right?

14          MR. ROSENBERG:  Central.

15          MR. SOLOWIEJCZYK:  I'm not that familiar with

16   California.

17          THE COURT:  San Diego is the Southern.

18          MR. ROSENBERG:  Los Angeles.

19          MR. SOLOWIEJCZYK:  It is Central.  I need to work on

20   my geography.  Surrender of passport and no new applications.

21   Travel restricted to the continental United States.

22          MR. ROSENBERG:  Your Honor, we were going to suggest

23   that the passport be surrendered to the pretrial officer in

24   California, so that if future applications would be made for

25   international travel and granted, that he would be local and

1    available without having to come back to New York to retrieve

2    the passport.

3         THE COURT:  Any objection from the government?

4         MR. SOLOWIEJCZYK:  No objection, your Honor.

5         I should also note we would give the defendant one

6    week's time to meet all the conditions.

7         THE COURT:  You would release him on his own signature

8    today?

9         MR. SOLOWIEJCZYK:  Yes.

10        THE COURT:  One week from today is the 6th, I believe,

11   of April.

12        Mr. Manashil, you will be released pending sentencing.

13   You will not be detained.  You will be released on the

14   following conditions:  You will sign a bond in the amount of

15   $25,000, the bond must be secured by $5,000 in cash, your

16   travel will be restricted to the continental United States, you

17   will surrender your passport to your pretrial services officer,

18   who, as I will mention in a moment, will be in California.  You

19   will not make any application for new travel documents while

20   you are subject to these conditions of release.  You will be

21   supervised as directed by the pretrial services office in the

22   Central District of California, which covers the Los Angeles

23   area.  You will be released on your own signature.  You will be

24   released when you sign the bond.

25        The remaining conditions, including the surrender of

I3UsMANp

```
1   the passport and the $5,000 security for the bond, must be met

2   by one week from today, which is to say April 6.

3           Do you understand these conditions?

4           THE DEFENDANT:  Yes.

5           MR. ROSENBERG:  We have prepared to post the cash

6   today.

7           THE COURT:  So much the better.

8           MR. ROSENBERG:  We can do that today.

9           THE COURT:  Although if the supervision is going to be

10  out of the Central District, he may need to post in the Central

11  District.  Let me ask pretrial services about that.

12          Can the bond happen here and the supervision happen in

13  California?

14          PRETRIAL SERVICES OFFICER:  Yes, it can.

15          THE COURT:  OK.  Let me warn you, sir, that if you

16  fail to appear in court when due or if you violate any of the

17  conditions of release which I have just described to you, a

18  warrant will be issued for your arrest.  In addition, you will

19  be responsible for paying the full amount of the bond, and you

20  can also be charged with a separate crime called bail jumping.

21          If you were to commit a new criminal offense while you

22  are subject to these conditions of release in this action, then

23  in addition to whatever sentence you would ordinarily get for

24  that offense, you will be sentenced to an additional term of

25  imprisonment.  That additional term can be up to ten years if
```

I3UsMANp

```
1    the new offense is a felony, up to one year if the new offense
2    is a misdemeanor.  And that additional term will be executed
3    after and on top of any other sentence of imprisonment is
4    completed.
5             Do you understand what I have told you?
6             THE DEFENDANT:  Yes.
7             THE COURT:  Now, has the district judge set any
8    conference or other dates in this matter?
9             MR. SOLOWIEJCZYK:  No, your Honor.
10            We would be asking that you provide a control date and
11   that we would let the district court know about it.
12            THE COURT:  All right.  I will give you a control date
13   of July 30, 2018.
14            Is there anything further from the government today?
15            MR. SOLOWIEJCZYK:  Not from the government.
16            THE COURT:  Anything further from the defense?
17            MR. ROSENBERG:  No, your Honor.
18            THE COURT:  Thank you very much, gentlemen.
19            (Adjourned)
20
21
22
23
24
25
```